IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARLOS CAREY, #245 045, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:13-CV-705-TMH |
| | ) [WO] |
| WARDEN RENÉ MASON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff has filed a motion for preliminary injunction under Rule 65(a), *Federal Rules of Civil Procedure*. He seeks preliminary injunctive relief with respect to Defendant Boyd's decision to raise his security level which Plaintiff complains was done in the absence of due process. The court has considered Plaintiff's motion for a preliminary injunction and concludes that it is due to be denied.

**I. DISCUSSION**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Plaintiff must demonstrate to warrant issuance of a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to the plaintiff outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the

public. *Id.*; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

  Here, Plaintiff's due process claim clearly falls short of demonstrating a meritorious claim based on a change in his classification level because he has no constitutionally protected interest in the level of his custody classification and correctional officials may assign him to any classification level without implicating the protections of due process. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). The court, therefore, finds that Plaintiff does not have a substantial likelihood of success on the merits of this claim. *Id.* Because Plaintiff fails to satisfy the elements necessary to succeed on his request for preliminary injunctive

relief, his motion for a preliminary injunction is due to be denied. *See Parker v. State Bd. of Pardons & Paroles,* 275 F.3d 1032, 1034-35 (11th Cir. 2001).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Motion for Preliminary Injunction filed by Plaintiff (*Doc. No. 1*) be DENIED; and

2. This case be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before October 18, 2013**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 4th day of October, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE